

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-12-943

| | |
|---|---|
| STEVEN LYNN WILLIAMS<br>APPELLANT | **Opinion Delivered** September 4, 2013 |
| V. | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. DR-12-359] |
| OFFICE OF CHILD SUPPORT ENFORCEMENT<br>APPELLEE | HONORABLE VICKI SHAW COOK, JUDGE |
| | APPEAL DISMISSED |

## KENNETH S. HIXSON, Judge

Appellant Steven Lynn Williams purports to appeal from an order of the Garland County Circuit Court, which confirmed registration of a Florida child-support order and granted a judgment of $435,298 to appellee Office of Child Support Enforcement for past-due support. However, because Mr. Williams filed a posttrial motion for new trial, the timeliness of his appeal is measured from the disposition of the posttrial motion, which was deemed denied after 30 days. Mr. Williams raises numerous arguments for reversal. Because Mr. Williams failed to timely file a notice of appeal from the date of the deemed-denied motion, we must dismiss Mr. Williams's appeal for lack of appellate jurisdiction.

On October 1, 1991, the State of Florida issued a final judgment against Mr. Williams for back child-support arrearage and future child support. On April 9, 2012, Office of Child Support Enforcement filed a notice of registration of the Florida child-support order in Garland County, Arkansas. On April 16, 2012, a notice was mailed to Mr. Williams advising

SLIP OPINION

him of a May 23, 2012 hearing date. On April 25, 2012, Mr. Williams filed a motion to dismiss and a motion for production of documents.

The hearing was held as scheduled on May 23, 2012, and Mr. Williams failed to appear. On May 29, 2012, the trial court entered the order confirming registration of the Florida child-support order.

On June 6, 2012, Mr. Williams timely filed a motion for new trial, and a hearing on his motion was held on June 27, 2012. The trial court entered an order denying Mr. Williams's motion for new trial on July 10, 2012. From that order, Mr. Williams filed a notice of appeal on August 7, 2012.

Under Arkansas Rule of Appellate Procedure–Civil 4(b)(1), Mr. Williams's June 6, 2012, motion for new trial extended the time for filing his notice of appeal.[1] Rule 4(b)(1) provides that "if the circuit court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days of that date." When the trial court fails to act within the thirty-day period under Rule 4(b)(1), it loses jurisdiction to consider a motion for new trial. *See Murchison v. Safeco Ins. Co. of Ill.*, 367 Ark. 166, 238 S.W.3d 11 (2006).

---

[1]Mr. Williams subsequently filed several more postjudgment motions attempting to obtain relief from the May 29, 2012 order. However, because none of these motions were filed within ten days of the judgment as required by Rule 4(b)(1), they did not extend the time for filing the notice of appeal.

In this case, the hearing on the motion for new trial was held on June 27. The trial court's order denying the motion was signed on July 3. However, the order denying the motion was not filed until July 10. By the time the order was filed on July 10, the 30-day consideration period granted to the circuit court by Arkansas Rule of Appellate Procedure–Civil 4(b)(1) had expired by operation of law. *See Carruth v. Carruth*, 2013 Ark. App. 213, __ S.W.3d __. Pursuant to Ark. Sup. Ct. Administrative Order No. 2(b)(2), an order of a circuit court does not become effective until it is reduced to writing and filed. *Carroll v. Carroll*, 2013 Ark. App. 401. Because the trial court did not act on Mr. Williams's June 6, 2012 motion for new trial within thirty days, it was deemed denied by operation of law on July 6, 2012. Because the trial court failed to act on the motion by July 6, it was without jurisdiction to enter the July 10, 2012 order denying Mr. Williams's motion for new trial. Therefore, Mr. Williams had thirty days from the deemed-denial date of July 6, 2012, to file his notice of appeal. Because the thirtieth day fell on a Sunday, his notice of appeal was due on August 6, 2012. Mr. Williams did not file his notice of appeal until August 7, 2012, and for that reason this court lacks jurisdiction and the appeal must be dismissed. Our supreme court has held that the lack of a timely notice of appeal deprives the appellate court of jurisdiction and is an issue the appellate court must raise sua sponte. *Ellis v. Ark. State Hwy. Comm'n*, 2010 Ark. 196, 363 S.W.3d 321.

Appeal dismissed.

WHITEAKER and VAUGHT, JJ., agree.

*Steven Lynn Williams*, pro se appellant.
*Greg L. Mitchell*, for appellee.