KAREN R. BAKER, Associate Justice
Appellant Terrick Nooner appeals pro se from an order entered by the Lincoln County Circuit Court dismissing without prejudice his pro se civil rights complaint for failure to provide proof of service in compliance with Rule 4(i)(1) (2018) of the Arkansas Rules of Civil Procedure.
This court will not reach the merits of an appeal if the order appealed from is not final. Beverly Enters.-Ark., Inc. v. Hillier , 341 Ark. 1, 14 S.W.3d 487 (2000). The question of whether an order is final and subject to appeal is a jurisdictional question which this court will raise sua sponte. Id.
The law provides that service of valid process is necessary to give a court jurisdiction over a defendant. Raymond v. Raymond , 343 Ark. 480, 484, 36 S.W.3d 733, 735 (2001). It is also mandatory under Arkansas law that service of process be made within 120 days after the filing of the complaint unless there is a motion to extend, and if service is not obtained within the 120-day period and no such motion is made, dismissal is required upon motion or upon the court's own initiative. Id. (citing Lyons v. Forrest City Machine Works, Inc. , 301 Ark. 559, 785 S.W.2d 220 (1990) ).
Because a plaintiff who has his case dismissed without prejudice under Rule 4(i) may refile those claims, his position after the dismissal is no different than that of a plaintiff who voluntarily nonsuits his claims. McCullough v. Kelley , 2018 Ark. 78, 2018 WL 1193374. A party may refile his nonsuited claims, and, consequently, the order granting a motion to nonsuit is not a final, appealable order. Id. (citing Beverly Enters.-Ark., Inc. , 341 Ark. 1, 14 S.W.3d 487 ). However, under Rule 41(b) (2018) of the Arkansas Rules of Civil Procedure, a second dismissal based on failure to serve valid process shall be made with prejudice where the plaintiff's complaint has been previously dismissed either voluntarily or involuntarily. See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co. , 353 Ark. 701, 120 S.W.3d 525 (2003).
Here, as discussed above, this is a first dismissal of Nooner's underlying complaint, and his complaint therefore may be refiled under the provisions of Rule 41. In his first appeal in this case, Nooner appealed the circuit court's order dismissing multiple motions filed in connection with *768 his civil-rights complaint. Nooner v. Kelley , 2017 Ark. 310, 2017 WL 5184472. The appeal was dismissed because the order was not a final, appealable order. Id. Following the dismissal of the first appeal, the circuit court entered an order that dismissed, without prejudice, the civil-rights complaint itself because Nooner had failed to provide proof of service on the named defendants within the 120-day time limit mandated by Rule 4(i)(1). Accordingly, without a final order on the merits, this court does not have appellate jurisdiction. Moses v. Hanna's Candle Co. , 353 Ark. 101, 110 S.W.3d 725 (2003).
Accordingly, because the order appealed from is not final, we do not have appellate jurisdiction. Therefore, the appeal is dismissed.
Appeal dismissed.
Special Justice Daniel L. Herrington joins in this opinion.
Wynne, J., not participating.