Cite as 2019 Ark. 338

# SUPREME COURT OF ARKANSAS

**No.** CV-19-390

| | |
|---|---|
| JESSIE HILL<br><div align="right">APPELLANT</div><br><br>V.<br><br>HON. JODI RAINES DENNIS,<br>CIRCUIT JUDGE<br><div align="right">APPELLEE</div> | **Opinion Delivered** November 14, 2019<br><br>PRO SE MOTION TO PROCEED WITHOUT A COMPLETE RECORD AND PRO SE THIRD MOTION TO FILE INCOMPLETE RECORD, MOTION FOR AN EXTENSION, MOTION AGAINST CLERK, PETITION FOR CERTIORARI TO COMPLETE THE RECORD, AND MOTION SEEKING WAIVER OF ADDENDUM OBLIGATION, LETTER OF COMMUNICATION WITH THE COURT [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-18-147]<br><br><u>APPEAL DISMISSED; MOTIONS AND PETITION MOOT</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Jessie Hill appeals from an order entered by the Lincoln County Circuit Court dismissing without prejudice his pro se "motion for writ of mandamus order" for failure to provide proof of service in compliance with Rule 4(i)(1) (2018) of the Arkansas Rules of Civil Procedure. Now pending before this court is Hill's motion to proceed without a complete record, his "third motion to file incomplete record, motion for extension of time, and motion against the clerk," his petition for certiorari to complete the

record, and his "motion seeking waiver of the addendum obligation; letter of communication with the court."

This court will not reach the merits of an appeal if the order being appealed is not final. *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000). The question whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Id*. For an order to be final and appealable, it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *Id*. Because Hill has appealed from an order that was not final, the appeal is dismissed, which renders his motions and petition moot.

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). It is also mandatory under Arkansas law that service of process be made within 120 days after the filing of the complaint unless there is a motion to extend, and if service is not obtained within the 120-day period and no such motion is made, dismissal is required on motion or on the court' s own initiative. *Id*. (citing *Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990)).

A plaintiff who has had his case dismissed without prejudice for the first time under Rule 4(i) may refile those claims, and therefore, the order appealed from is not a final, appealable order. *McCullough v. Kelley*, 2018 Ark. 78 (citing *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008)). Here, the record establishes that this is the first time Hill's mandamus petition was dismissed for failure to perfect service, and the order from which he has appealed is not final. Without a final order on the merits, this court does

not have appellate jurisdiction. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003).

Appeal dismissed; motions and petition moot.