Cite as 2020 Ark. 282

# SUPREME COURT OF ARKANSAS

No. CV-19-983

| | | |
|---|---|---|
| ABRAHAM GRANT | | **Opinion Delivered** September 24, 2020 |
| | APPELLANT | |
| | | |
| V. | | PRO SE MOTIONS TO DISCREDIT APPELLEE'S RESPONSIVE BRIEF, FOR |
| STATE OF ARKANSAS | | CONSTITUTION OF STATE OF ARKANSAS OF 1874 PREAMBLE, FOR |
| | APPELLEE | JUDGMENT ON PLEADING, OF FACTS TO SUPREME COURT SESSION, AND FOR CONSTITUTION OF ARKANSAS AND STATUTORY LAW |
| | | [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-19-115] |
| | | |
| | | <u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

**JOHN DAN KEMP, Chief Justice**

Pending before this court is appellant Abraham Grant's motion to discredit or strike appellee's responsive brief, "Motion for Constitution of State of Arkansas of 1874 Preamble," motion for judgment on pleading, motion of facts to Supreme Court session, and motion for constitution of Arkansas and statutory law. Grant's pro se motions were filed in his pending appeal from the Lincoln County Circuit Court's denial of his petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). We dismiss the appeal, and the motions are moot.

Grant was found guilty by a Phillips County Circuit Court jury of capital murder and first-degree battery. He was sentenced to life in prison without parole for the capital-murder conviction and five years for first-degree battery with the sentences to run concurrently. We affirmed. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

As stated above, Grant filed his petition to correct an illegal sentence in Lincoln County where he is incarcerated. The Lincoln County Circuit Court denied the petition, finding that it was an untimely petition under Rule 37.2 of the Arkansas Rules of Criminal Procedure (2019).

Petitions for relief under Rule 37.1 and Arkansas Code Annotated section 16-90-111 must be filed in the circuit court where the judgment of conviction was entered. *Wesley v. Hobbs*, 2014 Ark. 260 (per curiam). Because Grant did not proceed in the proper circuit court, the Lincoln County Circuit Court lacked jurisdiction to address his petition to correct an illegal sentence. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005). Thus, we dismiss the appeal for lack of jurisdiction, which renders the motions moot.

Appeal dismissed; motions moot.

*Abraham Grant*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.