Cite as 2021 Ark. 83

# SUPREME COURT OF ARKANSAS

No. CV-20-613

| | |
|---|---|
| REGINALD DUNAHUE<br><br>                                    PETITIONER<br><br>V.<br><br>AUNDREA CULCLAGER, WARDEN,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION; KENNIE BOLDEN,<br>SECURITY WARDEN; CAPTAIN<br>KENNETH STARKS; SGT. DARYL<br>JAMES; AND MARSHALL REED,<br>DEPUTY DIRECTOR<br><br>                                    RESPONDENTS | **Opinion Delivered:** April 15, 2021<br><br><br>MOTION FOR RULE ON CLERK;[1]<br>PETITION FOR WRIT OF<br>MANDAMUS<br>[LINCOLN COUNTY CIRCUIT<br>COURT, NO. 40CV-20-64]<br><br><br><u>APPEAL DISMISSED; MOTION AND<br>PETITION MOOT</u>. |

**ROBIN F. WYNNE, Associate Justice**

Pending before this court is petitioner Reginald Dunahue's motion for rule on clerk

asking that the clerk file his appellate brief and addendum even though the addendum does

not comport with the rules of appellate procedure. Also pending is Dunahue's petition for

writ of mandamus requesting this court to compel the circuit clerk to send copies of his

complaint and summons to the Lincoln County Sheriff. Dunahue appeals from the denial

of his motion for a default judgment that was filed in connection with a civil-rights complaint

lodged against the respondents. Because the denial of a motion for default judgment is not

---

[1]The title of the motion in this matter is "Petition for the Chief Justice to the Arkansas Supreme Court to Order Arkansas's Criminal Justice Coordinator to Accept and File Petitioner's Appeal Brief and Addendum." Because the petition asks that the clerk file a noncompliant brief, it is treated as a motion for rule on clerk.

a final judgment, we dismiss the appeal, which renders his motion for rule on clerk and his petition for writ of mandamus moot.

This court will not reach the merits of an appeal if the order being appealed is not final. *Hill v. Dennis*, 2019 Ark. 338. Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Id.* For an order to be final and appealable, it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *Id.* Accordingly, without a final order on the merits, this court does not have appellate jurisdiction. *Nooner v. Kelley*, 2019 Ark. 80, 568 S.W.3d 766. The denial of a motion for default judgment is not a final, appealable order. *Assocs. Fin. Servs. Co. of Okla. v. Crawford Cty. Mem'l Hosp. Inc.*, 297 Ark. 14, 759 S.W.2d 210 (1988). In sum, this court does not have jurisdiction to address an order that does not conclude the rights to the matter in controversy. *Hill*, 2019 Ark. 338.

Appeal dismissed; motion and petition moot.

WOOD, J., dissents without opinion.