Cite as 2021 Ark. App. 427

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-700

|  |  |
|---|---|
| | **Opinion Delivered** November 3, 2021 |
| ARKANSAS OFFICE OF CHILD SUPPORT ENFORCEMENT<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60DR-01-427] |
| V. | |
| | HONORABLE MARY SPENCER MCGOWAN, JUDGE |
| WALTER ROBINSON<br>APPELLEE | DISMISSED |

## LARRY D. VAUGHT, Judge

The Office of Child Support Enforcement (OCSE) appeals the orders entered by the Pulaski County Circuit Court on July 20 and September 1, 11, 21, and 25, 2020. OCSE argues that the circuit court erred in not granting its motion for new trial or, alternatively, its motion to set aside a default judgment. Because there is no final order in this case, we must dismiss the appeal for lack of jurisdiction.

On January 26, 2001, OCSE[1] filed a complaint for paternity and for child support against Walter Robinson. On May 4, the circuit court entered a default judgment against Robinson finding him to be the father of the children and ordering him to pay $35 a week in child support. In September 2007, a notice of an order to withhold income was issued to the

---

[1] OCSE was the assignee of Carla Thompson, the mother and physical custodian of Jamison Robinson (born on January 17, 1997) and Jasmine Robinson (born on September 16, 1998).

Social Security Administration (SSA) requiring it to deduct $35 a week from Robinson's income for child support and $3.50 a week for his past-due child support. On December 30, 2011, OCSE closed its file due to Thompson's noncooperation; however, the SSA deductions continued.

On March 5, 2020, Robinson filed a pro se motion to terminate his child-support obligation, arguing that his children are above the age of majority. Robinson did not serve his motion on either OCSE or Thompson.

The circuit court, on July 20, entered an order terminating Robinson's child-support obligation, finding that by operation of law the obligation terminated in 2015 and 2016 when his children reached the age of majority. The circuit court also ordered OCSE to reimburse Robinson any child support he paid beyond his children's eighteenth birthdays.

On July 31, within ten days of the entry of the July 20 order, OCSE moved for a new trial pursuant to Rule 59(a) of the Arkansas Rules of Civil Procedure or, alternatively, a motion to set aside the default judgment pursuant to Rule 55(c). OCSE argued, among other things, that it was entitled to a new trial or to have the July 20 order, if construed as a default judgment, set aside on the bases of insufficiency of process, the doctrine of sovereign immunity, and Robinson's child-support arrearages. The motion for new trial was deemed denied on August 31.[2]

---

[2]Rule 59(b) provides that if the court neither grants nor denies the motion for new trial within thirty days of the date on which it is filed or treated as filed, it shall be deemed denied as of the thirtieth day. Ark. R. Civ. P. 59(b) (2021). Arkansas Rule of Appellate Procedure–Civil 4(b)(1) also provides that if the circuit court neither grants nor denies a Rule 59(a) motion for new trial within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day. Ark. R. App. P.–Civ. 4(b)(1) (2021).

On September 1, the circuit court entered an order granting OCSE's motion for new trial, finding that OCSE had not been afforded the ability to make its arguments to the court and that it had evidence to introduce. On September 11, the court entered an order setting the matter for a hearing on September 21.

Before the September 21 hearing began, the circuit court entered an order, pursuant to Arkansas Rule of Civil Procedure 60(a), setting aside and vacating its July 20 order. The September 21 hearing followed with OCSE presenting arguments and evidence on the merits of Robinson's motion to terminate child support. OCSE argued that because it closed its case in 2011, it did not have standing to enforce or amend the collection order against Robinson and that child-support payments continued to be collected from Robinson after his children had reached the age of majority because he had child-support arrearages of $12,602.70. The court took the matter under advisement.

On September 25, the circuit court entered an order that stated: "This Court will issue a ruling in this case but at this time, there is no final Order." On September 28, OCSE filed a notice of appeal from the July 20 and September 1, 11, 21, and 25 orders.

Before we can reach the merits of OCSE's argument on appeal, we must first determine whether we have jurisdiction. While OCSE does not raise this issue, the question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *McKinney v. Bishop*, 369 Ark. 191, 194, 252 S.W.3d 123, 125 (2007).[3]

---

[3]OCSE addresses a different jurisdictional issue: whether its notice of appeal was timely filed. Our review of this appeal reveals that OCSE's notice of appeal of the five orders entered by the circuit court is timely. Ark. R. Civ. P. 59(b); Ark. R. App. P.–Civ. 4(a), (b)(1).

Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2021). This court will not reach the merits of an appeal if the order being appealed is not final. *Dunahue v. Culclager*, 2021 Ark. 83, at 2. For an order to be final and appealable, it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *Id.* Without a final order on the merits, this court does not have appellate jurisdiction. *Id.*

None of the five orders from which OCSE has appealed are final, appealable orders. Because OCSE focuses its arguments on the appeal of the July 20 order, we address it first. The July 20 order is not a final, appealable order because it was set aside and vacated by the order entered by the circuit court on September 21. A recap of the relevant procedural history is necessary.

OCSE's motion for a new trial pursuant to Rule 59(a) or, alternatively, to set aside a default judgment pursuant to Rule 55(c) was filed on July 31, 2020. The circuit court did not rule on the motion within thirty days; therefore, the motion for new trial was deemed denied on August 31. One day later, on September 1, the circuit court entered an order granting OCSE's motion for new trial. However, because the September 1 order was entered after the thirty-day period under Arkansas Rule of Appellate Procedure–Civil 4(b)(1), the court lost jurisdiction to consider the motion for new trial. *Williams v. Office of Child Support Enf't*, 2013 Ark. App. 472, at 1; *see also Cincinnati Ins. Co. v. Johnson*, 367 Ark. 468, 471, 241 S.W.3d 264, 266 (2006) (holding that the circuit court lost jurisdiction to rule on a motion for new trial because

4

it failed to act on the motion within the thirty-day period following its filing). Therefore, the court's September 1 order granting OCSE a new trial is void.

OCSE's July 31 motion also included a request pursuant to Rule 55 to set aside the July 20 order. Arkansas Rule of Appellate Procedure–Civil 4(b), (c), and (d) does not contemplate motions to set aside default judgments, and the time constraints mandated by those provisions are inapplicable. *DePriest v. Carruth*, 334 Ark. 378, 379, 974 S.W.2d 471, 471 (1998); *see also Eliasnik v. Y&S Pine Bluff, LLC*, 2018 Ark. App. 138, at 13, 546 S.W.3d 497, 505. Therefore, OCSE's July 31 motion to set aside the default judgment was not deemed denied on August 31. This motion was never ruled on by the circuit court.

Therefore, as of August 31, OCSE had not received relief from the July 20 order: its motion for a new trial had been deemed denied, and its motion to set aside the default judgment had not been ruled upon. That changed on September 21 when the circuit court—on its own motion—entered an order setting aside and vacating the July 20 order pursuant to Arkansas Rule of Civil Procedure 60(a).[4] The September 21 order was filed within the ninety-day period set forth in Rule 60(a)[5] and, therefore, is operative. Accordingly, the September 21 order set aside and vacated the July 20 order.

Citing *Williams v. Office of Child Support Enforcement*, OCSE argues that the circuit court was without jurisdiction to enter the September 21 order after its motion for new trial was

---

[4]Rule 60(a) provides: "To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court . . . with prior notice to all parties, within ninety days of its having been filed with the clerk." Ark. R. Civ. P. 60(a) (2021).

[5]Ninety days after the entry of the July 20 order was October 19, 2020.

5

deemed denied. We disagree. This court in *Williams* stated that when a circuit court fails to act within the thirty-day period under Rule 4(b)(1), "it loses jurisdiction to *consider a motion for new trial.*" *Williams*, 2013 Ark. App. 472, at 1 (emphasis added). *Williams* does not stand for the proposition that the circuit court is without jurisdiction to enter orders unrelated to the motion for new trial. The September 21 order was entered pursuant to Rule 60(a) and is unrelated to the Rule 59 motion.

OCSE also argues that pursuant to *Brinkley School District v. Terminix International Co.*, 2019 Ark. App. 445, 586 S.W.3d 694, the circuit court was without authority to enter the September 21 order because Rule 60(a) cannot be used to avoid or suspend Rule 4(b)'s provisions once the latter rule has been triggered. OCSE claims that its motion for new trial triggered Rule 4(b)'s deemed-denial rule and time deadlines; therefore, the court was not permitted to enter an order pursuant to Rule 60(a) to amend those deadlines. Again, we disagree.

In *Brinkley School District*, the appellant failed to appeal from both an order dismissing its complaint and the deemed denial of its Rule 60(a) motion seeking to vacate the order of dismissal. 2019 Ark. App. 445, at 2–3, 586 S.W.3d 694, 695–96. More than forty days after its Rule 60(a) motion had been deemed denied, the appellant filed an amended Rule 60(a) motion. Five days later, the circuit court entered an order denying the amended motion, and the appellant filed a notice of appeal from that order. *Id.*, 586 S.W.3d at 695–96. The appellees moved to dismiss the appeal, contending that the appellant failed to timely appeal from both the order of dismissal and the deemed denial of its posttrial motion under Arkansas Rule of Appellate Procedure–Civil 4(b). The appellant responded that its notice of appeal was timely

6

because the notice was filed within ninety days of the order dismissing the complaint and within thirty days of the order denying the amended motion to vacate.

This court disagreed with the appellant and dismissed the appeal, holding that appeal deadlines associated with a postorder/judgment motion that is filed within ten days of the order being challenged proceed in accordance with Arkansas Rule of Appellate Procedure–Civil 4(b) and not under Rule 60's ninety-day period. *Id.* at 11, 586 S.W.3d at 699–700. We stated:

> Given the history of Rule 4(b) and the cases that have addressed it, we hold that Rule 60 *does not* avoid or suspend Rule 4(b)'s provisions, once the latter rule has been triggered by the filing of *any* motion to alter, amend, or vacate an order or judgment within ten days of the order or judgment's entry, as calculated by Ark. R. Civ. P. 6. Moreover, amending a motion to alter, amend, or vacate an order or judgment already on file *does not* avoid or suspend Rule 4(b)'s timing/deadline provisions. This is especially so when the filing of an amended postjudgment motion is an attempt to breathe life into a parent motion that has already been deemed denied by operation of law.

*Id.* at 10–11, 586 S.W.3d at 699 (internal citations omitted) (emphasis in original).

The facts in the case at bar are very different from those in *Brinkley School District.* In the instant case, OCSE did not file a Rule 60(a) motion in an effort to extend the time in which to file a notice of appeal. In fact, OCSE filed a timely notice of appeal from all the orders entered by the circuit court; therefore, unlike *Brinkley School District*, timeliness of the notice of appeal is not the issue in the case at bar. Accordingly, there is no conflict in the instant case between Arkansas Rule of Civil Procedure 60(a) and Arkansas Rule of Appellate Procedure–Civil 4(b) as there was in *Brinkley School District.*

In the case at bar, the circuit court sua sponte entered an order on September 21, pursuant to Rule 60(a), within ninety days of the July 20 order, setting aside and vacating the

7

July 20 order. Therefore, the July 20 order is void and cannot serve as a final, appealable order from which to appeal.

The remaining four orders from which OCSE has appealed are not final, appealable orders either. As explained above, the September 1 order (granting OCSE a new trial) is void. The September 11 order (setting Robinson's motion for a hearing) is not a final, appealable order. The September 21 order (vacating the July 20 order) is not a final, appealable order. And the September 25 order is not a final, appealable order as expressly declared by the court in the order. Robinson's motion to terminate child support is still pending. Without a final order concluding the rights of the parties to the subject matter in controversy, this court does not have jurisdiction over this appeal. Accordingly, we must dismiss it.

Dismissed.

BARRETT and MURPHY, JJ., agree.

*Gil Dudley*, OCSE Attorney, for appellant.

One brief only.