Cite as 2021 Ark. 204

# SUPREME COURT OF ARKANSAS

**No.** CV–21–313

| | |
|---|---|
| TERRICK NOONER<br><br>APPELLANT<br><br>V.<br><br>RAY HOBBS AND JAMES GIBSON<br>APPELLEES | **Opinion Delivered** November 12, 2021<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60CV-20-2948]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br><u>APPEAL DISMISSED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Terrick Nooner appeals from the dismissal of a civil complaint without prejudice pursuant to Arkansas Rule of Civil Procedure 4(i)(1) (2020) against Ray Hobbs, a former director of the Arkansas Department of Correction, and James Gibson, a prison official. Because the order of dismissal without prejudice is not a final order, the appeal is dismissed. Any motions or petitions filed in the course of the appeal are moot.

In 2020, Nooner, an inmate of the Arkansas Department of Correction, filed the civil complaint in Pulaski County where he was originally convicted. He contended in the complaint that the sentences imposed on him were illegal, but the crux of the complaint was that Hobbs and Gibson had used an unconstitutional "abeyance" to delay a "rape testing investigation" and that the two men had failed to protect him from sexual assault. On June 10, 2021, the circuit court dismissed Nooner's complaint without prejudice pursuant to

Rule 4(i)(1) for failure to obtain service on the respondents. Nooner lodged an appeal from that order.

The law provides that service of valid process is necessary to give a court jurisdiction over a defendant. *Nooner v. Kelley*, 2019 Ark. 80, 568 S.W.3d 766. It is also mandatory under Arkansas law that service of process be made within 120 days after the filing of the complaint unless there is a motion to extend. If service is not obtained within the 120-day period and no such motion is made, dismissal is required upon motion or upon the court's own initiative. *Id.*, 568 S.W.3d 766. A plaintiff whose case has been dismissed without prejudice for the first time under Rule 4(i) may refile those claims; therefore, the order appealed from is not a final, appealable order. *McCullough v. Kelley*, 2018 Ark. 78 (citing *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008)).

Here, the record establishes that this is the first time Nooner's complaint was dismissed for failure to perfect service. Thus, the order from which he has appealed is not final. Without a final order on the merits, this court does not have appellate jurisdiction. *Hill v. Dennis*, 2019 Ark. 338; *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003).

Appeal dismissed.