Cite as 2022 Ark. 62

# SUPREME COURT OF ARKANSAS

No. CV-21-388

REGINALD DUNAHUE

APPELLANT

V.

AUNDREA CULCLAGER, WARDEN,
ARKANSAS DEPARTMENT OF
CORRECTION; KENNIE BOLDEN,
SECURITY WARDEN; CAPTAIN
KENNETH STARKS; SGT. DARYL
JAMES; AND MARSHALL REED,
DEPUTY DIRECTOR

APPELLEES

Opinion Delivered: March 17, 2022

PRO SE APPEAL FROM THE LINCOLN
COUNTY CIRCUIT COURT; PRO SE
MOTION FOR THE COURT TO
REFER TO AND CONSIDER CERTAIN
ORDERS AND REQUESTS MADE
[NO. 40CV-20-64]

HONORABLE JODI RAINES DENNIS,
JUDGE

APPEAL DISMISSED; MOTION MOOT.

**JOHN DAN KEMP, Chief Justice**

Appellant Reginald Dunahue appeals an order entered by the Lincoln County Circuit

Court dismissing a complaint filed in June 2020 for lack of service of process. After the

appeal had been lodged and the briefs filed, Dunahue filed a motion in which he asked this

court to refer to and consider the circuit court's orders and Dunahue's requests. Because the

record lodged on appeal is inadequate for our review, we dismiss the appeal, rendering the

motion moot.

In June 2020, Dunahue filed a civil-rights complaint against the appellees. Dunahue sought an appeal from the denial of a motion for default judgment in the civil-rights matter.[1] This court dismissed the appeal because the denial of a motion for default judgment is not a final, appealable order. *Dunahue v. Culclager*, 2021 Ark. 83, at 1–2.[2] The pending appeal appears to concern a June 2020 complaint referenced in the circuit court's order of dismissal. However, the fifteen-page record is nominally composed of two notices of appeal,[3] a June 24, 2021 order of dismissal, and a July 27, 2021 order of dismissal that sets aside the June 24 order of dismissal.

Although the parties have fully briefed the matter, we will not consider evidence not included in the record on appeal. *See Polivka v. State*, 2010 Ark. 152, at 16, 362 S.W.3d 918, 928. The burden is on the party asserting error to bring up a sufficient record on which to grant relief. *Manuel v. State*, 2021 Ark. 24, at 4. We cannot consider the merits of the civil-rights complaint and the timeliness of service because those documents and the evidence relevant to this appeal are not in the record. The record that is presently lodged relates to a

---

[1]The appeal was lodged in this court in case number CV-20-613.

[2]Dunahue also filed a motion for rule on clerk asking that the clerk of this court file his appellate brief and addendum even though his addendum did not comport with the rules of appellate procedure. Additionally, Dunahue had pending a petition for writ of mandamus in which he asked the court to compel the circuit clerk to send copies of his complaint and summons to the Lincoln County Sheriff. The dismissal of the appeal rendered the motion and petition moot.

[3]Although both notices of appeal state that they appeal an order entered June 24, 2021, each bears a different file-mark. One is file-marked July 22, 2021, and the other is file-marked August 5, 2021.

prior appeal, but Dunahue has made no request to consolidate the records, which renders the record before this court inadequate.

Appeal dismissed; motion moot.

WOMACK, J., concurs.

WOOD and WEBB, JJ., dissent.

**BARBARA W. WEBB, Justice, dissenting.** I dissent. Mr. Dunahue's appeal should not be summarily dismissed. He did everything that our rules require to perfect his appeal. Mr. Dunahue's notice of appeal requests the complete record and states in pertinent part:

DESIGNATION OF RECORD

Petitioner/Appellant hereby designates the entire record, and all proceedings, exhibits, evidence, and documents introduced in evidence to be contained in the record on appeal.

The Lincoln County Circuit Clerk--not Mr. Dunahue--prepared the record on appeal. Furthermore, the parts of the record that the majority claims are missing are actually on file with this court.

Mr. Dunahue's prior attempt to appeal this case was dismissed for lack of a final order. *Dunahue v. Culclager*, 2021 Ark. 83. When Mr. Dunahue's prior appeal was dismissed, the transcript remained filed in the Arkansas Supreme Court. Mr. Dunahue obtained a final order, which was in the supplemental record that was filed in this court. Moreover, the documents that the majority claims are lacking were contained in Mr. Dunahue's addendum. Likewise in its appellee brief, the State cited to either Mr. Dunahue's addendum or the electronic record. I cannot ignore the fact that the State had no apparent difficulty in

3

opposing Mr. Dunahue's appellate argument *on the merits*. Moreover, a PDF of the full transcript of this case was obtainable within minutes by simply calling the supreme court deputy clerk in charge of filed records.

I offer no opinion on the merits of Mr. Dunahue's appeal. I dissent only because this appeal should have been decided on the merits.

*Reginald Dunahue*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Maryna O. Jackson*, Ass't Att'y Gen., for appellee.