Cite as 2022 Ark. 107

# SUPREME COURT OF ARKANSAS
No. CV-21-479

| | |
|---|---|
| JAMES MIDDLEBROOKS | **Opinion Delivered:** May 19, 2022 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| | JEFFERSON COUNTY CIRCUIT |
| V. | COURT |
| | [NO. 35CV-21-124] |
| SOLOMON GRAVES, SECRETARY, | |
| ARKANSAS COMMUNITY | HONORABLE JODI RAINES DENNIS, |
| CORRECTION; JOHN FELTS, | JUDGE |
| CHAIRMAN, ARKANSAS PAROLE | |
| BOARD | APPEAL DISMISSED. |
| APPELLEES | |

**ROBIN F. WYNNE, Associate Justice**

James Middlebrooks appeals from an order of the circuit court that dismissed his declaratory-judgment and mandamus action because Middlebrooks had failed to provide proof that service of process was perfected with respect to the two named defendants pursuant to Rule 4(i)(1) (2020) of the Arkansas Rules of Civil Procedure. The circuit court dismissed the complaint without indicating whether the dismissal was with or without prejudice. However, when service is not made on a defendant within 120 days of the filing of the complaint, a circuit court must dismiss the action without prejudice to refiling those claims. *McCullough v. Kelley*, 2018 Ark. 78.

This court will not reach the merits of an appeal if the order appealed from is not final. *Nooner v. Kelley*, 2019 Ark. 80, 568 S.W.3d 766. Whether an order is final and subject

to appeal is a jurisdictional question that this court will raise sua sponte. *Id.* The law provides that valid service of process is necessary to give a circuit court jurisdiction over a defendant. *Id.* Valid service of process must be made within 120 days after the filing of the complaint unless there is a motion to extend. *Id.* If service is not obtained within the 120-day period and no such motion is made, dismissal is required upon motion or upon the court's own initiative. *Id.* A plaintiff whose case has been dismissed without prejudice for the first time under Rule 4(i) may refile those claims; therefore, the order appealed from is not a final, appealable order. *Id.*

Here, the record indicates that the petition for declaratory and mandamus relief is Middlebrooks's first such petition, and he may refile the petition and perfect service of process in accordance with the Arkansas Rules of Civil Procedure. Middlebrooks insists on appeal that he had perfected service in accordance with the rules, but there is no proof that service was perfected within the required time frame.

Further, Middlebrooks claims that a copy of a returned certified-mail receipt addressed to the Arkansas Attorney General is proof of timely service of process in his civil action, suggesting that service of process on the office of the Arkansas Attorney General is equal to service on the named defendants. He is mistaken. The attorney general's office is a separate constitutional office, not merely an arm of the executive branch. *Taylor v. Zanone Props.*, 342 Ark. 465, 30 S.W.3d 74 (2000). The attorney general's office represents the agencies and departments of the State only when its services are needed and the request for services has been certified by the agency to the attorney general. *Id.* In sum, the attorney

general is not an agent for service of process for state agencies as assumed by Middlebrooks. Furthermore, Rule 4 makes clear that service of process shall be made on the individual officers and employees of a government entity that have been named in a civil action. *See* Ark. R. Civ. P. 4(f)(17) (2020). As stated above, proper service of process is required to give the circuit court jurisdiction over the defendant. *Nooner*, 2019 Ark. 80, 568 S.W.3d 766. Without proper service on the named defendants, the circuit court lacked jurisdiction over those defendants, and when the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Grant v. State*, 2020 Ark. 282.

Appeal dismissed.

WOMACK, J., concurs without opinion.

*James Middlebrooks*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.