Cite as 2022 Ark. App. 475

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-21-589

| | |
|---|---|
| SHAFAWNDA SAENZ | Opinion Delivered November 16, 2022 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-18-1821] |
| V. | HONORABLE JOHN R. SCOTT, JUDGE |
| KEIFER WAYNE GRAY APPELLEE | DISMISSED IN PART; AFFIRMED IN PART |

**WAYMOND M. BROWN, Judge**

Appellant Shafawnda Saenz appeals from the order entered by the Benton County Circuit Court dismissing without prejudice her motion to modify child support and visitation for failure to perfect service upon appellee Keifer Gray within the statutory 120-day period. She also appeals the circuit court's award of attorney's fees. We dismiss in part and affirm in part.

Appellant filed a motion to modify child support and visitation on March 31, 2021. Appellant attempted service on appellee by certified mail, and a green card dated April 22 reflects the initials "LG." Appellant's attorney filed an affidavit of service on April 28, stating that appellee had received the motion and summons. Appellee filed a response to appellant's motion on May 20, denying the material allegations and raising several affirmative defenses

including insufficiency of process and insufficiency of service of process. Appellee asked that the petition be dismissed and that he be granted attorney's fees. A hearing on the motion was set for August 25 in a notice filed on May 25. Appellee filed a notice of interrogatories and requests for production of documents on May 26.

At the onset of the August 25 hearing, appellee's attorney asked that the action be dismissed for lack of service. He further alleged that the mail was delivered when appellee was not present at the home. Appellant's attorney responded by saying that all the rules of service were complied with as appellee is married to Lindsey Gray and that the green card "is clearly marked as being delivered to his agent." The attorney asked the circuit court to grant appellant additional time to serve appellee instead of dismissing the case. The circuit court found that there was no evidence that appellee had appointed anyone as his agent and dismissed appellant's actions since the statutory time for service had passed.

Appellant filed a motion for reconsideration on August 26. Appellee filed a motion and brief for attorney's fees on August 26, contending that he was entitled to fees in the amount of $2,151.75 because he "was the prevailing party herein and incurred reasonable attorney fees" in the amount sought. Appellee attached an itemized bill to the motion for fees. Appellant filed a response on August 27, arguing that appellee was not entitled to any fees as no final order had yet been entered and that appellee had failed to cite statutory authority entitling him to an award of fees. Appellant also maintained that the amount sought was unreasonable. The circuit court entered two separate orders on August 31: one dismissing appellant's motion for failure to perfect service on appellee and one denying

2

appellant's motion for reconsideration and granting appellee's motion for attorney's fees. Appellant filed a notice of appeal on September 24.

As her first point, appellant argues that the circuit court erred in dismissing her motion for modification of child support for lack of service. She contends that she substantially complied with the rules regarding service and therefore, the circuit court erred in dismissing her motion. Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant.[1] It is also mandatory under Arkansas law that service of process be made within 120 days after the filing of the complaint unless there is a motion to extend, and if service is not obtained within the 120-day period and no such motion is made, dismissal is required on motion or on the court's own initiative.[2] A plaintiff who has had her case dismissed without prejudice for the first time under Arkansas Rule of Civil Procedure 4(i) may refile those claims, and, therefore, the order appealed from is not a final, appealable order.[3] Here, the record establishes that this is the first time appellant's motion was dismissed for failure to perfect service, and the order from which she has appealed is not final. Without a final order on the merits, this court does not have

---

[1]*Hill v. Dennis*, 2019 Ark. 338.

[2]*Id.*

[3]*Id.*

3

appellate jurisdiction.[4] Because appellant has appealed from an order that is not final, the

appeal of this issue is dismissed.

Appellant also challenges the circuit court's order granting appellee the full amount

he sought in attorney's fees as excessive. She argues,

> In this matter, Appellee asserted an insufficiency of process defense in a boilerplate recital of affirmative defenses and essentially sat on his hands on that defense until the hearing.[5]

> The one hundred and twenty days prescribed by Ark. R. Civ. P. 4(i) for service in this matter ran on July 29, 2021. Had Appellee filed a motion requesting dismissal pursuant to Ark. R. Civ. P. 4(i) on July 30, 2021 or at any other time after July 29, 2021, the legal ramifications and arguments would have been the same. Notably, rather than pursuing such a remedy upon its becoming ripe, Apellee [sic] continued to participate in the case as though a hearing would be had. In fact, $1,470.00 of Appellee's attorney fees were accrued after July 29, 2021.

She contends that the circuit court gave no consideration of the appropriateness of the fees

sought and simply signed off on appellee's proposed order. The courts recognize the

inherent power of a circuit court to award attorney's fees in domestic-relations proceedings.[6]

Attorney's fees in domestic-relations proceedings are not awarded as a matter of right but

rest with the circuit court's discretion, which will not be disturbed unless that discretion is

abused.[7] This court has stated that there is no fixed formula for determining what constitutes

---

[4]*Id.*

[5]Internal footnote omitted.

[6]*See Jablonski v. Jablonski*, 71 Ark. App. 33, 25 S.W.3d 433 (2000).

[7]*Williford v. Williford*, 280 Ark. 71, 655 S.W.2d 398 (1983).

4

a reasonable amount for attorneys' fees.[8] Factors to consider in a motion for attorney's fees include (1) the experience and ability of the attorney, (2) the time and labor required to perform the legal service properly, (3) the amount involved in the case and the results obtained, (4) the novelty and difficulty of the issues involved, (5) the fee customarily charged in the locality for similar legal services, (6) whether the fee is fixed or contingent, (7) the time limitations imposed upon the client or by the circumstances, and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer.[9]

Because of the circuit court's intimate acquaintance with the record and the quality of service rendered, we recognize the superior perspective of the circuit court in assessing the applicable factors.[10] Accordingly, the amount of the award will be reversed only if the appellant can demonstrate that the circuit court abused its discretion.[11] Here, appellee submitted an itemized statement to the circuit court when seeking the award of attorney's fees. Appellant contends that the amount granted was excessive, but she does little more to develop her argument. Given the evidence before us, we cannot say that the circuit court abused its discretion by awarding appellee $2,151.75 in attorney's fees. Accordingly, we affirm the circuit court on this issue.

---

[8]*See City of Little Rock v. Nelson ex rel. Nelson*, 2020 Ark. 19, 592 S.W.3d 666.
[9]*Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

[10]*Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 86 S.W.3d 856 (2002).

[11]*Id.*

Dismissed in part; affirmed in part.

KLAPPENBACH and GRUBER, JJ., agree.

*Horton Law Firm*, by: *T.J. Fosko*, for appellant.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups*, for appellee.