Cite as 2023 Ark. 83

# SUPREME COURT OF ARKANSAS

No. CV-22-682

| | |
|---|---|
| MELVIN JEFFERSON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered:  May 11, 2023<br><br>PRO SE APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. 40CV-22-48]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>APPEAL DISMISSED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Melvin Jefferson appeals from the dismissal of his pro se petition for declaratory judgment filed on April 27, 2022, in which he named as defendant Dexter Payne, the director of the Arkansas Division of Correction (ADC).  Jefferson argued in the complaint that the ADC had erroneously determined that he was ineligible for release on parole.[1]  On September 8, 2022, the circuit court dismissed the complaint for failure to perfect service on Payne within 120 days of the date it was filed.  Because the order from which Jefferson appeals is not a final order, we dismiss the appeal.

---

[1]In 2004, Jefferson pleaded guilty to one count of first-degree domestic battery and two counts of second-degree domestic battery.  He was sentenced to an aggregate term of 300 months' imprisonment.  After sentencing, Jefferson was informed by the ADC that he must serve 100 percent of his sentence pursuant to Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2016).  In the petition for declaratory judgment, Jefferson challenged the ADC's determination that the statute applied to his sentence.

This court does not have appellate jurisdiction when the order on appeal is not a final, appealable order. *McCullough v. Kelley*, 2018 Ark. 78. The law provides that valid service of process is necessary to give a circuit court jurisdiction over a defendant. *Nooner v. Kelley*, 2019 Ark. 80, 568 S.W.3d 766. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Grant v. State*, 2020 Ark. 282.

For an order to be final and appealable, it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *McCullough*, 2018 Ark. 78. The order must not only decide the rights of the parties but also put the court's directive into execution, ending the litigation or a separable part of it. *Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997). This court will not reach the merits of an appeal if the order appealed from is not final. *Middlebrooks v. Graves*, 2022 Ark. 107.

Rule 4(i)(1) (2021) of the Arkansas Rules of Civil Procedure provides that service of process must be made within 120 days after the filing of the complaint unless the plaintiff files a motion to extend the time. *Id.* The record in this matter does not reflect that Jefferson filed a motion to extend the time. The circuit court dismissed the complaint for failure of service without indicating whether the dismissal was with or without prejudice; however, when service is not made on a defendant within 120 days of the filing of the complaint, a circuit court must dismiss the action without prejudice to refiling those claims. *Id.* The record indicates that this was the circuit court's first dismissal of Jefferson's complaint. A plaintiff whose case has been dismissed for the first time and prejudice is not declared may

2

refile those claims; therefore, the order appealed is not a final, appealable order.  *See Nooner*, 2019 Ark. 80, 568 S.W.3d 766.

Jefferson contends in his brief that he did, in fact, serve Payne with the complaint, but the record does not support his contention.  He included in his brief a copy of a postal return receipt that shows the attorney general as the addressee and is dated August 4, 2022.  He asserts that the receipt establishes timely proof of service on the attorney general of Arkansas and, thus, service on Payne.  This document does not appear in the record, but in any event, it would not satisfy the requirements of Rule 4 because the attorney general is not an agent for service of process on the ADC and other state agencies.  *Middlebrooks*, 2022 Ark. 107.  Rule 4 requires service of process on the individual officers and employees of a government entity that has been named in a civil action.  *Id.* (citing Ark. R. Civ. P. 4(f)(17) (2021)); *see also Taylor v. Zanone Props.*, 342 Ark. 465, 30 S.W.3d 74 (2000) (noting that the attorney general's office is a separate constitutional office, not merely an arm of the executive branch, and is not an agent for service of process for state agencies).

Appeal dismissed.

*Melvin Jefferson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

3