Cite as 2025 Ark. 176

# SUPREME COURT OF ARKANSAS
No. CV-24-750

| | |
|---|---|
| ROBERT TAYLOR | **Opinion Delivered:** November 13, 2025 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CV-24-333] |
| ARKANSAS POST-PRISON TRANSFER BOARD AND ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEES | APPEAL DISMISSED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Robert Taylor appeals the dismissal of his petition for declaratory and mandamus relief on the basis that he had failed to accomplish sufficient service of process on appellees, the Arkansas Post-Prison Transfer Board (APPTB) and the Arkansas Division of Correction (ADC). For reversal, Taylor argues that (1) the motion to dismiss was void because it was filed by an assistant attorney general who was not counsel of record at the time; (2) the motion to dismiss was not timely filed; (3) he served process on appellees in compliance with Arkansas Rule of Civil Procedure 4(g); and (4) his claims were dismissed with prejudice and the dismissal therefore operated as an adjudication on the merits. Because there is no final order on the merits, we dismiss the appeal.

In October 2023, Taylor pleaded guilty to aggravated assault on a family or household member, violation of a protective order, second-degree terroristic threatening,

and failure to appear. Taylor was sentenced to twenty-four months' imprisonment followed by forty-eight months' suspended imposition of sentence (SIS) for aggravated assault, twelve months' SIS for violation of the protective order and for terroristic threatening, and twenty-four months' imprisonment followed by forty-eight months' SIS for failure to appear. The sentences were imposed concurrently for an aggregate term of twenty-four months' imprisonment.

In March 2024, Taylor applied for parole, which was denied for a period of two years. Taylor later filed a petition for declaratory judgment and writ of mandamus. In the petition, Taylor argued that appellees had acted outside of their statutory authority and in contravention of the APPTB policy manual in denying him parole for two years. The circuit court dismissed Taylor's petition on appellees' motion based on his failure to properly serve them with process.

Taylor's failure to obtain valid service of process on appellees is dispositive of this appeal. The law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Ligon v. Bloodman*, 2021 Ark. 124. Because Taylor failed to accomplish service of process, the circuit court did not have personal jurisdiction over the appellees, and the circuit court dismissed the petition without reaching its merits. Without a final order on the merits, this court does not have appellate jurisdiction. *Nooner v. Hobbs*, 2021 Ark. 204 (per curiam); *see also Jefferson v. Payne*, 2023 Ark. 83 (dismissing appeal because the order appealed from—a circuit court's dismissal for failure to perfect service on the defendant within 120 days—was not a final order). Importantly, there is no

indication in the record that the dismissal of Taylor's petition was a second dismissal,[1] and the circuit court did not state that the petition was dismissed "with prejudice." *See* Ark. R. Civ. P. 4(i)(1) ("If service of process is not made on a defendant within 120 days after the filing of the complaint or within the time period established by an extension . . . the action *shall be dismissed* as to that defendant *without prejudice*[.]") (emphasis added); *Middlebrooks v. Graves*, 2022 Ark. 107 (concluding that because the circuit court dismissed the complaint under Rule 4(i)(1) without indicating whether the dismissal was with or without prejudice, the dismissal is without prejudice for refiling the claims). As we have previously explained, a plaintiff whose case is dismissed without prejudice for failure to timely obtain valid service of process may refile those claims, and his position after the dismissal is no different than that of a plaintiff who voluntarily nonsuits his claims. *See McCullough v. Kelley*, 2018 Ark. 78. When the plaintiff may refile his or her claims, the order appealed from is not a final, appealable order. *Id.* (citing *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008)).

Appeal dismissed.

WOMACK, J., concurs.

BRONNI, J., dissents.

---

[1]A second dismissal based on failure to serve valid process shall be made with prejudice when the plaintiff's complaint has been previously dismissed either voluntarily or involuntarily. *Nooner v. Kelley*, 2019 Ark. 80, 568 S.W.3d 766.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the court's decision to dismiss Taylor's appeal. The court, however, should dismiss the appeal because sovereign immunity bars Taylor's underlying claims against the State.[1] When sovereign immunity bars a lawsuit against the State, the circuit court does not have jurisdiction over that lawsuit.[2] And when the circuit court does not have jurisdiction over a lawsuit, this court, too, lacks jurisdiction.[3]

I respectfully concur.

**NICHOLAS J. BRONNI, J., dissenting.** The majority confuses how dismissals and the qualifiers, "with prejudice" and "without prejudice," operate. Dismissal concerns an order's finality; whether it was dismissed with or without prejudice speaks to the order's preclusive effect. Here, Taylor appeals the dismissal of his case—a final order ending his case—as improper. He should get a ruling on that, but the majority dismisses for lack of a final, appealable order. If he wins his appeal, his case should go back to the circuit court on remand. But if he loses, his dismissal without prejudice should convert to a dismissal with prejudice—still a final order, but now one with preclusive effect that protects the defendants from continued litigation of a claim. That is the proper procedure, and the one I'd apply here.

---

[1]*Perry v. Payne*, 2022 Ark. 112, at 5–6 (Womack, J., dissenting).

[2]*Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[3]*See, e.g.*, *Lawrence v. City of Texarkana*, 364 Ark. 466, 469, 221 S.W.3d 370, 372 (2006).

Our cases also recognize that rule generally makes sense. *See Griffin v. Ark. Bd. of Corrections*, 2025 Ark. 81, at 4–5, 711 S.W.3d 784, 788 ("Generally, when a complaint has been dismissed without prejudice, a party may either appeal the dismissal or elect to plead further. If the party chooses the first course, and the appeal is affirmed, then the dismissal converts to a dismissal with prejudice." (citations omitted)); *Robinson v. Felts*, 2025 Ark. 67, at 2 (explaining the general rule that a plaintiff can choose to appeal after a dismissal and that the dismissal is with prejudice when affirmed); *Orr v. Hudson*, 2010 Ark. 484, 374 S.W.3d 686 (holding that a dismissal without prejudice is converted to a dismissal with prejudice on appeal); *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at 25, 372 S.W.3d 324, 339 (affirming a dismissal without prejudice and converting it to one with prejudice); *Sluder v. Steak & Ale of Little Rock, Inc.*, 368 Ark. 293, 298, 245 S.W.3d 115, 118 (2006) (applying the rule that a dismissal without prejudice becomes a dismissal with prejudice when it is affirmed on appeal); *Ratliff v. Moss*, 284 Ark. 16, 18–19, 678 S.W.2d 369, 371 (1984) (stating that when a case is dismissed without prejudice, the plaintiff has the choice to either correct its mistake or appeal). And I don't see any reason not to apply it here—whatever exceptions we've previously conjured.

Granted, much of our prior case law applying that common-sense rule is in the Rule 12(b)(6) context and appears alongside a statement that by appealing, a plaintiff waives the right to plead further. But this court has never articulated a principled distinction between that situation and this one. Nor do I see one. So rather than rely on a hodgepodge of unreasoned exceptions, I'd hold the appellant to his choice and dismiss this case with

prejudice.  Anything less unnecessarily wastes resources and risks undermining finality principles.  I respectfully dissent.

*Robert Taylor*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Sean M. Rowland*, Ass't Att'y Gen., for appellee.