Cite as 2025 Ark. 188

# SUPREME COURT OF ARKANSAS

No. CV–25–227

| | |
|---|---|
| ROBERT EARL THOMPSON<br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION; JAMES GIBSON, WARDEN, VARNER UNIT; FRANK T. SPAIN, PROSECUTOR; RICKY RAUSCH, DETECTIVE; DORIS HILL, INVESTIGATOR<br>APPELLEES | **Opinion Delivered:** November 20, 2025<br><br>APPELLEE'S MOTION TO DISMISS APPEAL; PRO SE MOTION FOR PERMISSION TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL; PRO SE MOTION FOR RELEASE ON BOND; PRO SE SECOND MOTION FOR APPOINTMENT OF COUNSEL; PRO SE SECOND MOTION TO PROCEED IN FORMA PAUPERIS; PRO SE MOTION TO FILE BRIEF WITH ADDENDUM; PRO SE SECOND MOTION FOR RELEASE ON BOND PENDING APPEAL; PRO SE THIRD MOTION FOR RELEASE ON BOND PENDING APPEAL; PRO SE MOTION FOR PERMISSION TO RESPOND TO APPELLEES' RESPONSE TO MOTIONS FOR RELEASE ON BOND; PRO SE MOTION OBJECTING TO THE TIME LINE AND OVER TEN-PAGE LIMIT<br>[NO. 35CV-24-498]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

**CODY HILAND, Associate Justice**

Appellant Robert Earl Thompson appeals from the dismissal of his petition for

declaratory judgment, injunctive relief, and writ of mandamus on the grounds that he failed

to perfect service of process on the named respondents. Thompson has filed multiple motions and tendered his brief-in-chief to be filed pending the resolution of the pending motions. In response, appellees filed a motion to dismiss the appeal. We grant appellees' motion. As the appeal is dismissed, the motions filed by Thompson are moot.

In 2005, a Drew County jury found Thompson guilty of rape, two counts of second-degree sexual assault, and one count of sexual indecency with a child, and he was sentenced to an aggregate term of 46 years' imprisonment. The Arkansas Court of Appeals affirmed his conviction. *See Thompson v. State*, 99 Ark. App. 422, 262 S.W.3d 193 (2007). In his petition for declaratory, injunctive, and mandamus relief, Thompson asserted his innocence and sought to set aside his convictions because of alleged constitutional violations.

When it is clear from the record that the appellant could not prevail if an appeal of an order that denied postconviction relief is permitted to go forward, this court may dismiss the appeal. *Rea v. State*, 2021 Ark. 134, at 7 n.1. Because Thompson failed to perfect service of process on the appellees within 120 days as required, the petition for relief was subject to dismissal without prejudice under Arkansas Rule of Civil Procedure 4(i)(1). *See* Ark. R. Civ. P. 4(i)(1) ("If service of process is not made on a defendant within 120 days after the filing of the complaint, . . . the action shall be dismissed as to that defendant without prejudice on . . . the court's initiative."). Arkansas law is well settled that service of valid process is necessary to give a court personal jurisdiction over a defendant. *Shotzman v. Berumen*, 363 Ark. 215, 223, 213 S.W.3d 13, 16 (2005). Moreover, even if the defense answers on the merits of the petition but also raises the issue of insufficient process as was

done here, the issue is not waived. *Id*. at 231, 213 S.W.3d at 22 (citing *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 140–41, 865 S.W.2d 643, 645 (1993)).

Here, the record establishes that this is the first time Thompson's petition for declaratory, injunctive, and mandamus relief was dismissed for failure to perfect service and was dismissed without prejudice. *See Jefferson v. Payne*, 2023 Ark. 83, at 1–2. Consequently, the order from which Thompson has appealed is not final on the merits. *Id*. Without a final order on the merits, this court does not have appellate jurisdiction. *Id*.; *Nooner v. Hobbs*, 2021 Ark. 204, at 2. Without jurisdiction, this court cannot act on either the appeal or the numerous motions filed by Thompson.

Appeal dismissed; motions moot.

WOMACK, J., concurs.

BRONNI, J., dissents.

**SHAWN A. WOMACK, Justice, concurring.** I concur with the court's decision to dismiss Thompson's appeal and find his litany of motions moot. Whether Thompson failed to perfect service on the defendants in his underlying lawsuit, however, is irrelevant.[1] The circuit court should have dismissed Thompson's lawsuit because sovereign immunity bars his claims against the State.[2] Since the State has asked us to dismiss the appeal, it is proper to do so, but the dismissal should be because sovereign immunity bars the underlying claims.

I respectfully concur.

---

[1] *Taylor v. Ark. Post-Prison Transfer Bd.*, 2025 Ark. 176, at 4 (Womack, J., concurring).

[2] Ark. Const. art. 5, § 20; *Perry v. Payne*, 2022 Ark. 112, at 5–6 (Womack, J., dissenting); *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

**NICHOLAS J. BRONNI, Justice, dissenting.** The majority dismisses Robert Thompson's appeal for lack of a final order, even though the case was dismissed in its entirety below.  For the reasons I previously outlined in *Taylor v. Arkansas Post-Prison Transfer Board*, 2025 Ark. 176, at 2 (Bronni, J., dissenting), I would affirm the dismissal and attach preclusive effect.  I respectfully dissent.

*Robert Earl Thompson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.