JOHN DAN KEMP, Chief Justice
Appellant Ryan Gore appeals the denial of his motion to dismiss and the grant of a default judgment in favor of appellee Arkansas Teachers Federal Credit Union (ATFCU).[1] Gore contends that the circuit court lacked personal jurisdiction over him because he was not timely served with a complaint and summons. Accordingly, he contends that the default judgment against him is void and must be set aside as a matter of law. ATFCU declined to file a brief in response. We hold that the circuit court did not err in granting default judgment.
*762 I. Facts
The timeline of the relevant facts is as follows.
March 14, 2016 ATFCU filed a complaint in replevin against Gore. The 120-day period for service would expire on July 12, 2016. May 31, 2016 ATFCU filed a motion for extension of time to serve Gore, stating that it had been unable to locate Gore for proper service and requesting additional time to perfect service. June 8, 2016 The circuit court entered an order granting the motion and extending the time to serve by "an additional 120 days." October 3, 2016 ATFCU filed a second motion for extension of time, stating that it had been unable to locate Gore for proper service. The circuit court entered an order granting the motion and extending the time to serve by "an additional 120 days." March 1, 2017 ATFCU filed a third motion for extension of time, stating that it had been unable to locate Gore for proper service. The circuit court entered an order with the handwritten notation "Denied. More than 120 days from second extension signed on 10.3.16." March 3, 2017 ATFCU filed an amended and substituted complaint in replevin. April 6, 2017 Gore filed a motion to dismiss for failure to obtain service. He contended that ATFCU did not complete service by the original deadline or any extended deadline. April 7, 2017 ATFCU responded to the motion to dismiss and asserted that it had "obtained service on the Defendant of the Amended and Substituted Complaint in Replevin via Warning Order" on March 8, 2017. ATFCU also asserted that the time for service expired on March 9, 2017. April 25, 2017 ATFCU filed an amended proof of service, which stated that Gore was served "the Summons, Complaint, Request for Admissions and Warning Order ... with notice of this action on 03/08/2017 as required by Arkansas law." The attached exhibit was a statement of legal advertising from the Arkansas Democrat-Gazette, dated March 15, 2017, which stated that a warning order had been published therein on March 8 and March 15, 2017.
On June 30, 2017, the circuit court held a hearing to determine whether Gore was timely served. ATFCU argued that it had perfected service, stating,
COUNSEL FOR ATFCU: This original complaint in replevin was filed on or about [March 14, 2016]. Of course, pursuant to Arkansas Rules of Civil Procedure, we were given 120 days in which to perfect service upon the Defendant.
On May the 30th of 2016, we did indeed file the first motion for extension of time ... [T]he order ... coming from that motion stated that the *763 Plaintiff would be given an additional 120 days in which to perfect service.
The original service would have expired in July, July 12th of 2016. Adding 120 days to that, Your Honor, the expiration would have been November the 9th of 2016.
....
On October the 3rd of 2016, Plaintiff filed a second motion for extension of time because of the Defendant's continued evasion attempts ... and being unable to perfect service.... That second motion for extension of time and the subsequent order granted the Plaintiff an additional 120 [days], not from the date of the order, but from the date of the 120 plus 120. Therefore, it would've gone from November the 9th of 2016 to March the 9th of 2017.
It is accurate that we did file a third motion for extension of time. Quite frankly, I'm going to kind of ignore it because we really don't need it. And if you do wish me to address it, that'll be fine, but it's sort of a moot issue.
THE COURT : Based on the fact that you had until March the 9th?
COUNSEL FOR ATFCU: Yes, Your Honor.
THE COURT : Okay.
COUNSEL FOR ATFCU: That is correct. Now, during that short interval that we filed the motion for extension of the third -- it was denied -- we did locate the Defendant. We had, or at least we thought we had. We got process servers, private investigators, a whole slew of entities together to try and get the Defendant served. When we received the order denying the third motion for extension, we thought it best -- in the best interest of my client, to apply for a warning order based off of our previous attempts, unsuccessful attempts, to get the Defendant served.
We applied for a warning order pursuant to Rule 4. The warning order was granted, and the first publication of that warning order was made in the Arkansas Democrat-Gazette in their legal advertising department on 3/8 of [2017]. Again, one day before expiration. According to the Arkansas Rules of Civil Procedure, you calculate the time of service with a warning order from the date of first publication, not last.
....
We had also sent a restricted delivery mail to ... the new address where we thought that the Defendant was located, and in fact the Defendant at that time did sign the green card for acceptance of that service. It is marked by the post office as March 10th. That would seemingly be one day after the service, but the service had previously been perfected two days prior to that by the first publication of the warning order.
In response, Gore, acting pro se, argued that the circuit court should grant his motion to dismiss because ATFCU did not complete service within the initial 120-day period or any period of extension. The following colloquy took place between the circuit court and Gore:
THE COURT : So [counsel for ATFCU has] given me the dates, and I've gone back and calculated the dates, and they did have until March 9th to do everything even with -- even though I was incorrect in denying the [third motion] for extension. I was. But I did deny it, but they did do everything in the -- by March the 9th from what I can see. Now if you have something to tell me different, please do so.
*764 GORE : Well, as the Defendant, would it be -- and I mean this with all due respect, would it be my fault if the Court made a mistake on the time?
THE COURT : No, it's not. What I'm -- what I'm saying is, they're saying even though the Court made the mistake in time, it wasn't necessary for them -- for them to have that extra 120 days extension because they -- they did perfect service before the 120 days, before March the 9th.
GORE : Well, I mean, I don't understand how we come into court and now she's changing the dates when the initial complaint was filed on or about -- she said initially filed -- the first motion was filed May the 30th, but the Plaintiff's complaint was filed on March 14th.
THE COURT : It was filed on March the 14th.
GORE : And did not obtain service.
....
THE COURT : Let me go over the dates with you. It was filed on March the 14th. She had until July 12th to serve you.... They came in and they asked for a motion before that time was up. So then they had until November the 9th to serve you. They came back and asked for a motion on October the 3rd. I granted it. So then they had until March the 9th to serve you, and they did so. That's where all the 120 days -- and you really have to sit down with a calendar and figure all this up. I had to do that Wednesday to make sure that [the denial of the third motion for extension] was right or incorrect. It was incorrect, but at the same time they got you served within the amount of time.
GORE : They did not get me served.
THE COURT : They did by warning order.
GORE : On March 1st, 2017, they filed a motion requesting a third extension, but the Court denied that motion by order entered March 1st, okay, noting that is more than 120 days. So the 120 days had passed and just irregardless of her saying it's a moot point --
....
THE COURT : No. The 120 days hadn't passed. The 120 days, if you take it from the very beginning of the complaint -- and this is going to be the order of the court on this service -- and you can appeal me. You can do whatever you want to. But they filed on March 14th of 2016. They got two extensions after the first 120 days was up, so they had until March the 9th to serve you. They served you by warning order prior to March the 9th, therefore service was perfected.
After the hearing, the circuit court entered an order denying Gore's motion to dismiss. On August 2, 2017, ATFCU filed a motion for default judgment. Gore did not respond, and the circuit court granted the motion for default judgment on August 31, 2017.
II. Law & Analysis
Gore contends that the default judgment entered against him is void because he was not timely served. Rule 55(a) of the Arkansas Rules of Civil Procedure provides for entry of a default judgment when a party fails to plead or otherwise defend. But a default judgment rendered without valid service is void. See Se. Foods, Inc. v. Keener , 335 Ark. 209, 979 S.W.2d 885 (1998) ; Lawson v. Edmondson , 302 Ark. 46, 50, 786 S.W.2d 823, 825 (1990) ("[J]udgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void.").
*765 Rule 4(i) of the Arkansas Rules of Civil Procedure governs the time limit for service. That rule states in relevant part,
(1) If service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative.
....
(2) The court, upon written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing of the suit or within the time period established by a previous extension. To be effective, an order granting an extension must be entered within 30 days after the motion to extend is filed, by the end of the 120-day period, or by the end of the period established by the previous extension, whichever date is later.
Ark. R. Civ. P. 4(i). This court has consistently held that service requirements under this rule must be strictly construed, and compliance with them must be exact. E.g. , Kangas v. Neely , 346 Ark. 334, 57 S.W.3d 694 (2001). Thus, a plaintiff must complete service within 120 days from the date of the filing of the complaint unless the time for service has been extended. See Edwards v. Szabo Food Serv., Inc. , 317 Ark. 369, 877 S.W.2d 932 (1994). If service is not obtained within that time and no motion to extend is made, dismissal of the action is mandatory. Keener , 335 Ark. 209, 979 S.W.2d 885.
Gore maintains that the circuit court's orders granting "an additional 120 days" for service extended the period 120 days from the date of the entry of the order granting the motion. By Gore's calculation, (1) the first extension began to run on June 8, 2016--the date of the entry of the first order extending time--and ended 120 days later; and (2) the second extension began to run on October 3, 2016--the date of the entry of the second order granting an extension of time--and ended 120 days later on January 31, 2017. Gore contends that the complaint should have been dismissed because ATFCU failed to perfect service before the expiration of the second extension.
Generally, we construe an order just like any other instrument; the determinative factor is the intention of the court, as gathered from the order itself and the record. See Magness v. McEntire , 305 Ark. 503, 808 S.W.2d 783 (1991). We first turn to the language in the orders. In this case, the circuit court's orders of extension granted ATFCU "an additional 120 days in which to serve" Gore with the summons and complaint. The use of the words "additional 120 days" suggests that ATFCU was given 120 days in addition to the 120 days already allowed by Rule 4.[2] Neither order stated that the 120 days began to run from the date of the entry of the order. Moreover, at the June 30 hearing, the circuit court agreed with ATFCU's contentions that the first extension began to run upon expiration of the initial 120-day period, that the second extension began to run upon expiration of the first extension, and that ATFCU had until March 9, 2017, to perfect service.
A better practice would be for the order of extension to state the day the extension *766 begins and the day it ends. However, having reviewed the orders and the record, we conclude that the circuit court's use of "additional 120 days" in the first extension order means that the order extended the time 120 days from the expiration of the initial 120-day period permitted under Rule 4(i). Thus, the first order extended the time until November 9, 2016. We further conclude that the circuit court's use of the words "additional 120 days" in the second extension order means that the order extended the time 120 days from the expiration of the time permitted by the first extension order. Therefore, the second order extended the time until March 9, 2017. Gore was served by warning order on March 8, 2017, one day before the time for service expired. Accordingly, we hold that the circuit court properly denied the motion to dismiss. and we affirm the circuit court's order granting default judgment in favor of ATFCU.
Affirmed.

This court accepted certification of this case from the court of appeals pursuant to Arkansas Supreme Court Rule 1-2(d) (2018).

"If an extension is granted for a period of time, this presupposes the existence of specified time; otherwise it would not be an extension of time, but would be a new and independent period of time specified. If there was not a time already specified, there would be no time to extend." Thomas v. Westheimer v.Daube , 87 Okla. 130, 209 P. 327, 329 (Okla. 1922).