Cite as 2023 Ark. 129

# SUPREME COURT OF ARKANSAS

No. CV-22-702

|  |  |
|---|---|
| WILLIAM L. ANDREWS<br><br>                                         APPELLANT<br><br>V.<br><br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>                                            APPELLEE | **Opinion Delivered:**  September 28, 2023<br><br>PRO SE APPEAL FROM THE<br>CHICOT COUNTY CIRCUIT<br>COURT<br>[NO. 09CV-22-44]<br><br>HONORABLE ROBERT B. GIBSON<br>III, JUDGE<br><br>AFFIRMED. |

## COURTNEY RAE HUDSON, Associate Justice

Appellant William L. Andrews appeals from the denial of his petition and amended petition for declaratory judgment and writ of mandamus wherein he alleged that the Arkansas Department of Correction (ADC) illegally changed his discharge date from March 17, 2024, to January 10, 2025. The circuit court denied Andrews's petition and amended petition because Andrews had failed to state a claim for relief. We affirm.

Between 2001 and 2006, Andrews pleaded guilty in eight cases to no fewer than ten felony offenses, and suspended sentences were imposed for each offense. *Andrews v. State*, No. CR-07-685 (Ark. App. Jan. 30, 2008) (unpublished). The conditions of the suspensions included requirements that Andrews pay fines and restitution and that he not violate the law. *Id.* In 2007, the State filed a petition to revoke the suspensions, alleging that Andrews

had failed to pay the ordered restitution and fines and that he had committed the additional offense of rape. *Id*. After a hearing, the trial court found that Andrews had violated the conditions of his suspended sentences, revoked the suspensions, and sentenced Andrews to a total of seventeen years' imprisonment. *Id*. The Arkansas Court of Appeals affirmed the revocation of the suspended sentences. *Id*.

According to his pleadings, after being sentenced to seventeen years' imprisonment in 2007, Andrews was paroled in June 2015. However, a warrant for his arrest was issued on October 31, 2016, for a parole violation. Andrews was taken into custody almost a year later on August 25, 2017. Andrews alleged in his petition and amended petition that after revocation of his parole and his return to prison, he was informed that his discharge date had been moved from March 17, 2024, to January 10, 2025.

Andrews argued that the extension of his discharge date is illegal because it represents a misapplication of parole statutes by excluding approximately 299 days of credit against his sentence, which accumulated during the period of his disappearance while on parole. In his amended petition, Andrews alternatively claimed that he should be given jail-time credit for fifty-one days in January and February 2017, when he was in the custody and under the control of two mental-health and rehabilitation centers. Andrews also argued in the brief in support of his amended petition that he did not violate a condition of his probation by absconding. The circuit court denied the petition for failure to state a claim for relief. Andrews filed a timely appeal.

In this appeal, we must review the denial of Andrews's petitions for declaratory judgment and writ of mandamus. The clearly-erroneous standard of review is not necessarily the standard for all declaratory-judgment actions. Appellate courts should not apply the clearly-erroneous standard if review of the underlying basis for the declaratory action is governed by another standard. *Poff v. Peedin*, 2010 Ark. 136, 366 S.W.3d 347.

When a declaratory action is dismissed for failure to state a claim, the standard of review is whether the circuit court abused its discretion. *Wood v. Ark. Parole Bd.*, 2022 Ark. 30, 639 S.W.3d 340; *see also Null v. Ark. Parole Bd.*, 2019 Ark. 50, 567 S.W.3d 482. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Wood*, 2022 Ark. 30, 639 S.W.3d 340. Even though a motion to dismiss was not filed in the instant case, the circuit court dismissed Andrews's pleading when it reviewed the face of the petition and concluded that the allegations contained therein failed to state a claim for relief. In testing the sufficiency of Andrews's petition for declaratory relief, all reasonable inferences must be resolved in favor of the petition, and the pleadings are to be liberally construed. *Id*. However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Muntaqim v. Payne*, 2021 Ark. 162, 628 S.W.3d 162. We treat only the facts alleged in the complaint as true, but not theories, speculation, or statutory interpretation. *Wood*, 2022 Ark. 30, 639 S.W.3d 340. Likewise, the standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Rogers v. Kelley*, 2020 Ark. 403, 611 S.W.3d 476. For the

3

reasons stated below, the facts alleged in Andrews's petitions fail to state a legal basis for relief.

The claims raised by Andrews in his petitions and on appeal involve the application of parole statutes in that Andrews claims that the ADC, through director Payne, illegally extended his prison term by misapplying parole statutes that he claimed had been repealed. Andrews further claimed that he did not violate a condition of his parole by absconding and that he was in the custody of mental-health facilities during a portion of the time he was missing.

Declaratory and mandamus relief may be appropriate if the ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute. *Harmon v. Noel-Emsweller*, 2022 Ark. 26. Even if Andrews's allegations raised in the petitions are taken as true and given all reasonable inferences, they fail to state facts that the ADC acted in violation of the applicable parole statutes by excluding the 299 days as time served toward his seventeen-year sentence.

Claims pertaining to parole proceedings as fixed by statute fall clearly within the domain of the ADC, which is part of the executive branch of government. *Rainer v. State*, 2022 Ark. 159, 651 S.W.3d 713. The parole board and its officers have the discretion to revoke parole at any time if it is found by a preponderance of the evidence that the parolee has failed to comply with the conditions of his or her parole. Ark. Code Ann. § 16-93-705(a)(6) (Repl. 2016); *Martz v. Felts*, 2019 Ark. 297, 585 S.W.3d 675. The ADC has jurisdiction to apply specific parole statutes once the sentence has been put into execution.

*Johnson v. State*, 2012 Ark. 212. Here, the seventeen–year sentence had been put into execution since 2007.

Arkansas Code Annotated section 16-93-616(a)(2) (Repl. 2016) states in pertinent part that "time served" shall continue only during the time the individual is actually confined either in a county or local jail or under the custody and supervision of the ADC. The same language was contained in Arkansas Code Annotated section 16–93–1303 (Repl. 2006), which was repealed by Act 570 in July 2011.[1] Therefore, the time Andrews was missing from his place of residence and when he was in the custody of mental–health facilities does not constitute time served under section 16-93-616. Moreover, Arkansas Code Annotated section 16-93-705(a)(8) provides the parole board with the authority to determine whether the time from issuance of a warrant for the arrest of a parolee until the time of arrest should be counted as time served under the sentence. Thus, under the direction of Payne, the ADC had the discretion to exclude 299 days from the time-served calculation and did not act beyond its authority.

Finally, Andrews's allegation that he did not commit the crime of absconding because it was not a condition of his parole represents a direct attack on the underlying basis for his parole revocation. This court has treated civil proceedings such as declaratory-judgment

---

[1]In his arguments in the circuit court and on appeal, Andrews maintained that section 16-93-1303 had been repealed, and the ADC did not have legal authority to extend his discharge date. However, section 16-93-1303 and its language had been replaced by section 16-93-616. In any event, parole eligibility is determined by the law in effect when the crime is committed. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757.

actions as applications for postconviction relief when a prisoner seeks relief from the conditions of his or her incarceration. *Whitney v. Guterres*, 2018 Ark. 133. A direct attack on a judgment is not cognizable in postconviction proceedings. *White v. State*, 2021 Ark. 198, 632 S.W.3d 306. Andrews's claim challenging his conviction for violating the conditions of his parole is not cognizable in this action for declaratory relief.

By failing to establish a right to declaratory relief, Andrews fails to provide a basis for a writ of mandamus. *Waller*, 2016 Ark. 252, 493 S.W.3d 757. Therefore, the circuit court did not abuse its discretion when it denied Andrews's petitions for declaratory judgment and writ of mandamus.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[2] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[3]

*William L. Andrews*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[1] *See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

[2] *Id.*

[3] *Id.*