Cite as 2025 Ark. 171

# SUPREME COURT OF ARKANSAS
### No. CV-24-523

| | |
|---|---|
| GEORGE JACKSON NEWTON<br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DIVISION OF<br>CORRECTION<br>APPELLEE | Opinion Delivered: November 6, 2025<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-23-789]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**NICHOLAS J. BRONNI, Associate Justice**

Appellant George Jackson Newton appeals from the denial and dismissal of his petition for declaratory judgment and writ of mandamus in which he sought to compel the director of the Arkansas Division of Correction to reclassify him as parole eligible. Newton contends that the denial of parole violated his right to equal protection. We disagree.

In 2021, Newton pleaded guilty to first-degree murder. As part of that plea, he agreed to an enhanced sentencing range under Arkansas Code Annotated section 5-4-501(b), which requires a term of no less than ten years. Citing his conviction for first-degree murder—and a previous California conviction for second-degree murder—Newton was deemed ineligible for parole. *See* Ark. Code Ann. § 16-93-609(b) (Repl. 2016) (inmate ineligible for parole when he or she committed a "violent serious felony" and was previously "found guilty of . . . any violent felony offense").

Newton now asks for parole eligibility under Arkansas Code Annotated section 16-93-615(h). That provision makes inmates who received an enhanced sentence under

Arkansas Code Annotated section 5-4-501(c) eligible for parole at age fifty-five, provided he or she meets other, "regular parole or transfer eligibility" requirements. *Id*.; *see also* Code Ark. R. 154.00.1-VI-8 (requiring those convicted of first-degree murder "to serve 70% of their sentence before reaching transfer eligibility"). Had Newton received an enhanced sentencing range under subsection 501(c)—instead of 501(b)—he would have received a minimum 40-year sentence. Having benefited from a lower sentencing range (that is, 10 rather than 40 years), Newton now seeks the parole eligibility that applies only to those sentenced under the harsher provision. In effect, he asks to have his cake and eat it too.

He does not cogently explain why he is entitled to both or, more importantly, how a scheme—that operated to his benefit, giving him a lesser sentence—violates his right to equal protection. Nor does his newly raised contention that his California conviction cannot be used to deny him parole under section 16-93-609 change the outcome. Indeed, that section explicitly applies to a "conviction of a comparable serious felony involving violence *from another jurisdiction*." Ark. Code Ann. § 5-4-501(d)(2) (emphasis added); *see also* Ark. Code Ann. § 16-93-609(b) (incorporating the definition of a "violent felony offense" from section 5-4-501(d)(2)).

Accordingly, the circuit court did not abuse its discretion when it dismissed Newton's petition for declaratory judgment and writ of mandamus. *Andrews v. Payne*, 2023 Ark. 129, at 3, 674 S.W.3d 450, 452.

Affirmed.

WOMACK, J., dissents.

2

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1]  Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2]  Here, Newton improperly made the State a defendant when he petitioned for mandamus and declaratory relief in a new civil action below, 35CV-23-789.[3]  Instead, he should have petitioned in his related, underlying criminal cases.[4]  Accordingly, this court, like the circuit court below, lacks jurisdiction.  For these reasons, the circuit court's order must be reversed and the case dismissed.

*George Jackson Newton*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.*

[3] *See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

[4] 17CR-19-1091 and 17CR-19-1059.