Cite as 2026 Ark. 80

# SUPREME COURT OF ARKANSAS

**No.** CV–25–255

| | |
|---|---|
| RODNEY BUNCH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS; WILLIAM MARTIN JONES, IN HIS OFFICIAL CAPACITY AS PROSECUTING ATTORNEY; TIMOTHY DAVIS FOX, IN HIS OFFICIAL CAPACITY AS CIRCUIT COURT JUDGE; LEIGH BIGGERS-PATTERSON, IN HER OFFICIAL CAPACITY AS DEPUTY PROSECUTING ATTORNEY; TAMMY HARRIS; AND WILLARD PROCTOR, JR.<br><br>APPELLEES | **Opinion Delivered:** April 23, 2026<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT; SEVENTEENTH DIVISION [NO. 60CV-24-2669]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br><u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

Appellant Rodney Bunch appeals from the dismissal of his petition for declaratory judgment, injunctive relief, and writ of mandamus challenging the imposition of an enhanced life sentence for aggravated robbery based on his status as a habitual offender pursuant to Arkansas Code Annotated section 5–4–501 (Repl. 1997).[1]

---

[1]Bunch was convicted of aggravated robbery as a habitual offender and sentenced to life imprisonment under Arkansas Code Annotated section 5–4–501(d). His conviction and sentence were affirmed on direct appeal. *See Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001).

Bunch's convictions and life sentence arose from three trials in two cases in the Pulaski County Circuit Court. In case number 60CR-98-3654, Bunch was charged with

I. *Background*

Bunch filed suit against the State of Arkansas, William Jones, Timothy Fox, and Leigh Biggers-Patterson in their official capacities, asserting entitlement to declaratory and injunctive relief. His petition alleged multiple trial errors, including misapplication of the habitual-offender statute, a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), a defective information, and insufficient evidence. Bunch also named Tammy Harris and Willard Proctor, identified as his trial counsel, but alleged no specific facts regarding their liability as individuals. Proctor moved to dismiss, arguing that the petition failed to state any claim against him and was, in substance, an improper and successive petition under Arkansas Rule of Criminal Procedure 37.1. He also adopted the State's arguments. Harris was never served. Bunch instead moved for an order requiring her to accept service and later sought a default judgment, raising what appeared to be an ineffective-assistance claim.

The circuit court entered three orders (1) dismissing the claims against Harris without prejudice for failure to obtain service within 120 days under Arkansas Rule of Civil Procedure 4(i); (2) dismissing the claims against the State defendants as an untimely and successive Rule 37.1 petition; and (3) granting Proctor's motion to dismiss. We affirm the

---

the aggravated robbery of, and theft of property from, Stephanie Springer Transue and was tried in 1999, which resulted in a mistrial. Before the Transue case was re-tried in 2000, Bunch was convicted on multiple counts of aggravated robbery and misdemeanor theft of property in a separate case, 60CR-99-276, for the aggravated robberies of Head Waves salon customers and was later separately tried for the aggravated robbery MDC salon customers. *See Bunch v. Kelley*, 2016 Ark. 58 (per curiam). Because Bunch had been convicted of two violent Class Y felonies, he was sentenced to life imprisonment in the retrial of the Transue case.

orders dismissing the petition with prejudice. The dismissal without prejudice as to Harris is not a final, appealable order.

## II. *Standard of Review*

When a declaratory-judgment action is dismissed for failure to state a claim, we review for abuse of discretion. *Andrews v. Payne*, 2023 Ark. 129, at 3, 674 S.W.3d 450, 452. The same standard applies to the denial of a writ of mandamus. *Id.*, 674 S.W.3d at 452. An abuse of discretion occurs when the court acts improvidently, thoughtlessly, or without due consideration. *Id.*, 674 S.W.3d at 452. In reviewing the sufficiency of the petition, we construe the pleadings liberally and resolve all reasonable inferences in favor of the petitioner. *Id.*, 674 S.W.3d at 452.

## III. *Points on Appeal*

### A. Claims Against Harris

On appeal, Bunch focuses solely on issues related to Harris, arguing that the circuit court erred by (1) failing to order her to accept service, (2) failing to rule on his motion for default judgment before dismissing the remaining claims, and (3) failing to require other appellees to respond to that motion. These arguments are not preserved because they are raised for the first time on appeal. And more importantly, they are moot.

Bunch failed to serve Harris within 120 days as required by Arkansas Rule of Civil Procedure 4(i). *See* Ark. R. Civ. P. 4(i); *see also Middlebrooks v. Graves*, 2022 Ark. 107, at 1 ("Valid service of process must be made within 120 days after the filing of the complaint unless there is a motion to extend."). He filed his petition on April 2, 2024; the deadline expired July 31, 2024. And rather than seeking an extension, he requested the circuit court's

3

assistance in perfecting service. No authority places that burden on circuit courts. His motion for default judgment—filed after the service period expired—was likewise unavailing. Valid service of process is necessary to confer personal jurisdiction. *Thompson v. Payne*, 2025 Ark. 188, at 2. A default judgment entered without proper service is void. *Gore v. Ark. Tchrs. Fed. Credit Union*, 2019 Ark. 75, at 6, 568 S.W.3d 761, 764.

Because service was never obtained, the circuit court lacked jurisdiction over Harris. Its dismissal without prejudice rendered Bunch's motions to compel service and for default judgment moot. *See generally Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007). A matter is moot when any judgment rendered would have no practical legal effect upon an existing controversy, and we do not review moot issues. *Id*. at 266–67, 258 S.W.3d at 748. And the dismissal without prejudice is not a final, appealable order, so we will not address it. *Middlebrooks*, 2022 Ark. 107, at 1.

## B. Claims Against Remaining Appellees

Bunch raised no substantive argument on appeal regarding the dismissal of his claims against either the State defendants or Proctor. Issues not argued are abandoned. *McDaniels v. State*, 2025 Ark. 20, at 3. Moreover, we will not consider an argument, even a constitutional one, if an appellant makes no convincing argument or cites no authority to support it. *Watts v. Kelley*, 2017 Ark. 189, at 6, 520 S.W.3d 249, 253; *Clevenger v. State*, 2025 Ark. 128, at 14, 719 S.W.3d 453, 464. Even if considered, his claims would still fail. A declaratory-judgment action is not a substitute for direct appeal or postconviction relief. *Trammel v. Payne*, 2023 Ark. 177, at 4, 679 S.W.3d 353, 357. Regardless of how it is styled,

4

a pleading seeking postconviction relief is governed by Rule 37.1. *Hill v. State*, 2025 Ark. 130, at 4.

The circuit court found that Bunch's petition was, in substance, an untimely and successive Rule 37.1 petition. Bunch does not challenge that determination on appeal, nor does he cite authority supporting his entitlement to declaratory or mandamus relief on claims that could, and should, have been raised earlier. We do not consider undeveloped arguments or those unsupported by legal authority. *Clevenger*, 2025 Ark. 128, at 14, 719 S.W.3d at 464.

IV. *Conclusion*

We affirm the circuit court's dismissal with prejudice of Bunch's claims against the State defendants and Proctor. The dismissal without prejudice as to Harris is not a final, appealable order and is therefore not before us.

Affirmed.

WOMACK, J., concurs.

BRONNI, J., dissents.


**SHAWN A. WOMACK, Justice, concurring.** Although the circuit court was correct to dismiss Bunch's lawsuit against the State defendants, it did so for the wrong reason. Instead of dismissing Bunch's lawsuit for failure to state a claim, the circuit court should have dismissed the claims against the State defendants pursuant to sovereign

5

immunity.[1]  Here, Bunch improperly made the State a defendant when he petitioned for declaratory, injunctive, and mandamus relief in a new civil action below, 60CV-24-2669.[2] Instead, he should have petitioned in his related, underlying criminal cases, 60CR-98-3654 or 60CR-99-276.  Therefore, I respectfully concur in the judgment.

**NICHOLAS J. BRONNI, Justice, dissenting.**  The majority declines to address Bunch's appeal from the dismissal without prejudice of his petition against Tammy Harris because it thinks that dismissal was not a final order.  That's a mistake.  As I previously outlined in *Taylor v. Arkansas Post-Prison Transfer Board*, 2025 Ark. 176, at 2 (Bronni, J., dissenting), any dismissal is a final order regardless of whether it is with or without prejudice, and if affirmed, the dismissal carries preclusive effect.

I respectfully dissent.


*Rodney Bunch*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

---

[1]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2]*See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).