Cite as 2026 Ark. 95

# SUPREME COURT OF ARKANSAS

No. CV–25–1

JONATHAN WALKER

APPELLANT

V.

ARKANSAS DEPARTMENT OF
CORRECTION, DIVISION OF
CORRECTION; AND DEXTER
PAYNE, IN HIS OFFICIAL CAPACITY
AS DIRECTOR

APPELLEES

Opinion Delivered: May 7, 2026

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
[NO. 60CV-24-4960]

HONORABLE TIMOTHY DAVIS
FOX, JUDGE

AFFIRMED.

**BARBARA W. WEBB, Justice**

Jonathan Walker appeals from an order of the Pulaski County Circuit Court dismissing his petition for declaratory judgment and injunctive relief. He had sought, via a writ of mandamus, to force the Arkansas Department of Correction (ADC) to allow him to correspond with his husband, another inmate serving a life sentence in Idaho. On appeal, he argues that the circuit court abused its discretion by granting the appellees' motion to dismiss and permitting appellees to illegally deny contact between Walker and his husband because: (A) his complaint stated facts upon which relief can be granted; (B) Arkansas must recognize his valid Oregon marriage;.(C) appellees' conduct violates 28 U.S.C. § 1738C(a), which requires Arkansas to acknowledge his valid Oregon marriage; (D) ADC's policy only proscribes interunit correspondence within the ADC; it does not apply to correspondence with incarcerated people in other jail or prison systems. We affirm.

I. *Facts and Procedural History*

On October 6, 2018, while living in Portland, Oregon, appellant married Dewayne Allen Walker, Jr. At the time, Dewayne was serving a life sentence for lewd conduct with a child under the age of sixteen and was incarcerated at a correctional facility in Karnes City, Texas.

Subsequently, appellant was convicted in Clark County, Arkansas, of thirty counts of violating Arkansas Code Annotated section 5-27-602, Distributing, Possessing, or Viewing Matter Depicting Sexually Explicit Conduct Involving a Child.[1] He is currently serving a 450-year sentence in the ADC.

On June 19, 2024, appellant filed a petition for declaratory judgment and injunctive relief against the Arkansas Department of Correction, the Arkansas Division of Correction, and Dexter Payne, in his official capacity along with a petition to proceed in forma pauperis (IFP) and affidavit in support thereof. The circuit court granted his IFP petition.

Appellant's declaratory judgment petition invoked Arkansas Code Annotated sections 16-111-101 et seq., Arkansas's general declaratory-judgment statute and sections 25-15-207 and 25-15-214 of the Arkansas Administrative Procedure Act. He asserted that he was asking the circuit court to "declare the rights, states, [sic] and legal relations between the parties and to remove any uncertainty about the application of ADC Rule 004.00.01–002—AR 860 (herein after, Rule 860) . . . regarding inmate correspondence and contact."

Appellant averred that the ADC has denied him contact with his husband, who is presently incarcerated in the Idaho State Correctional Institution in Kuma, Idaho. Appellant

---

[1]*State v. Walker*, No. 10CR-20-107

acknowledges that generally, ADC policy proscribes inmate correspondence between correctional facilities but asserts that an exception exists in Rule 860 that allows mail to be passed between "family members" who are incarcerated, and spouses qualify as family members under the ADC policy. Attached to the petition are copies of documents purporting to prove that appellant was married to Dewayne Allen Walker, Jr. The petition asserts that ADC's decision to prohibit contact was based on the fact that Arkansas does not recognize proxy marriages. Appellant concedes that he has no "constitutional right to communicate with his husband" but asserts that such a right exists under ADC's own policies—Rule 860. Further, the petition asserted that denying him contact with his husband violated the federal Respect for Marriage Act, 28 U.S.C. § 7 as well as 28 U.S.C. § 1738C(a). Finally, appellant alleged that "pursuant to Arkansas Code Annotated section 25-15-214," ADC acted "unlawfully, unreasonably, and capriciously" in failing to follow Rule 860. Appellant prayed that the circuit court "declare that Rule 860 applies to his case" and enter an order directing the ADC to allow the "requested communication and correspondence with his husband Dewayne Walker."

ADC moved to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. It asserted that appellant had no protected interest in having ADC apply its rules to him in any particular manner, that he failed to state facts upon which relief can be granted, and that the Pulaski County Circuit Court lacked jurisdiction over appellant's claims alleging violations of 28 U.S.C. § 1738C(a).

Appellant responded that he was "not making a constitutional argument as the basis for the relief sought." Instead, his argument was that that ADC was making an "arbitrary

3

and capricious application of ADC policy" because it used "unconstitutional logic" to deny a class of inmates their request to communicate. Appellant further argues that ADC misapplied Rule 860.

The circuit court granted ADC's motion, and appellant appealed

## II. *Standard of Review.*

This court reviews an order granting a motion to dismiss "under an abuse-of discretion standard." *DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, at 4, 541 S.W.3d 415, 417. "An abuse of discretion means discretion exercised improvidently, thoughtlessly and without due consideration." *SEECO, Inc. v. Stewmon*, 2016 Ark. 435, at 8–9, 506 S.W.3d 828, 835. In testing a petition for declaratory relief, "all reasonable inferences must be resolved in favor of the petition, and the pleadings are to be liberally construed." *Andrews v. Payne*, 2023 Ark. 129, at 3, 674 S.W.3d 450, 452. However, Arkansas requires fact pleading, so "a complaint must state facts, not mere conclusions, to entitle the pleader to relief." *Id.* at 3, 674 S.W.3d at 453. Only facts alleged in the petition are treated as true, "but not theories, speculation, or statutory interpretation." *Id.*, 674 S.W.3d at 453. A circuit court's "conclusion on a question of law is reviewed de novo." *City of Helena-W. Helena v. Williams*, 2024 Ark. 102, at 5, 689 S.W.3d 62, 65. The purpose of a declaratory-judgment action is to settle and afford relief from uncertainty and insecurity with respect to rights, status, , 3-4, 688 S.W.3d 409, 413. Declaratory relief may be granted if it has been established that (1) there is a justiciable controversy; (2) the controversy is between persons whose interests are adverse; (3) the party seeking relief has a legal interest in the controversy; and (4) the issue involved in the controversy is ripe for judicial determination. *Id.* A case is

nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. A legal interest in the controversy means that the party seeking declaratory relief must have a legally protectable interest." *Id*.

### III.  *Arguments on Appeal*

Appellant is seeking declaratory relief under two sections of the Arkansas Administrative Procedure Act ("APA"), Arkansas Code Annotated sections 25-15-207 and 25-15-214. However, the administration of prisons has generally been held to be beyond the province of the courts. Thus we have consistently declined to dictate the operation of the Arkansas Department of Correction except in circumstances where the appellant asserts an infringement upon constitutional rights. *Smith v. May*, 2013 Ark. 248, 6 (*per curiam*) (internal citations omitted); see also *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991)(explaining that "the administration of prisons has generally been held to be beyond the province of the courts," but "[a]n exception to the courts' reticence to entertain prisoners administrative complaints occur when the petitioner asserts an infringement upon constitutional rights"). We have explained that when an inmate challenges prison officials' implementation of an ADC policy, the petitioner must allege a constitutional question sufficient to raise a liberty interest. *See Kennedy v. Arkansas Parole Bd.,* 2024 Ark. 135, 5, 696 S.W.3d 812, 81. In other words, inmates who merely allege that ADC failed to follow its own procedures or policies, without raising a constitutional question, fail to state a claim subject to judicial review because an inmate does not have a liberty interest in the actual procedures to be administered by ADC. *See Munson v. Arkansas Dep't of Correction*, 375 Ark. 549, 552, 294 S.W.3d 409, 411 (2009).

As noted previously, appellant expressly disavowed making a constitutional claim. Thus, Walker failed to plead sufficient facts demonstrating that he was entitled to declaratory relief. Accordingly, we hold that the circuit court did not err in dismissing appellant's petition.

Affirmed.

WOMACK, J., concurs.

**SHAWN A. WOMACK, Justice, concurring.** I agree that the circuit court correctly dismissed Walker's petition for a declaratory judgment. But Walker's petition should first be dismissed because sovereign immunity bars his one and only claim: a declaratory-judgment action against state actors.[1] To the extent Walker brought any federal claims within his petition, they are either undeveloped or unsupported by any facts.[2] At the very least, they are not brought as separate claims. Thus, I agree with the majority's decision to affirm the dismissal, which has now become a dismissal with prejudice.[3]

I respectfully concur.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Hunter Willis*, Ass't Att'y Gen., for appellees.

---

[1] *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *See Garland Cnty. District Ct. v. Mercer*, 2026 Ark. 76, at 3–4.

[3] *Griffin v. Ark. Bd. of Corrs.*, 2025 Ark. 81, at 5, 711 S.W.3d 784, 788.